IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
JOHNSTOWN DIVISION

| | | |
|---|---|---|
| DAVID ERIC SEWELL, | ) | Civil Action No.: 3:25-cv-0182 |
| | ) | |
| Petitioner, | ) | |
| | ) | Christopher B. Brown |
| vs. | ) | United States Magistrate Judge |
| | ) | |
| WARDEN MICHAEL UNDERWOOD, | ) | |
| | ) | |
| Respondent. | ) | |

MEMORANDUM OPINION

**CHRISTOPHER B. BROWN, United States Magistrate Judge**

Pending before the Court[1] is a petition for writ of habeas corpus filed by pro se federal prisoner David Eric Sewell pursuant to 28 U.S.C. § 2241, in which he seeks application of "Earned Time Credits" under the First Step Act, which is a means to reduce one's sentence upon completion of certain programs. ECF No. 4. For the following reasons, the petition will be denied.

I.    **Relevant Background**

David Eric Sewell pled guilty in the United States District Court for the Middle District of North Carolina to one count of Possession of a Firearm by a Felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and one count of Possession with the Intent to Distribute a quantity 40 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-

---

[1]    In accordance with the provisions of 28 U.S.C. § 636(c), the parties have voluntarily consented to have a U.S. Magistrate Judge conduct proceedings in this case, including entry of a final judgment. See ECF Nos. 7 and 13.

piperidiny l] propanimide, commonly known as fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B).  *See* public docket *USA v. Sewell*, 1:21-cr-435 (M.D. N.C.); ECF No. 9-2 at 3.

On September 20, 2022, Sewell was sentenced to a total term of 188 months' imprisonment, to be followed by 5 years supervised release.  *Id.*  Sewell is currently serving his sentence at FCI-Beckley.[2]  Assuming he receives all Good Conduct Time available to him under 18 U.S.C. § 3624(b), Sewell's current projected release date is March 9, 2035.  ECF No. 9-2 at 2.

Sewell initiated this habeas action on June 20, 2025.  ECF No. 1.  He asserts the BOP has failed to credit him with earned time credits ("ETCs") under the First Step Act of 2018, Pub. L. No. 115-391, Title VI, § 601, 132 Stat. 5194, 5237 (2018) ("FSA")[3] and seeks a writ of habeas corpus compelling the BOP to provide such credit.  ECF No. 4.

In response, Respondent Warden Underwood maintains Sewell is not entitled to the relief he seeks because he is serving a sentence for a disqualifying offense: possession with intent to distribute 40 grams or more of fentanyl.  ECF No. 9.

---

[2]    When Sewell filed this case he was housed at FCI-Loretto, a federal correctional institution located within the territorial boundaries of the Western District of Pennsylvania.  Although the docket still lists FCI-Loretto as Sewell's address of record, the BOP Inmate Locator indicates Sewell has been transferred to FCI Beckley.  The Court directed Sewell to update his address, ECF No. 12, but to date, he has not done so.  As a courtesy, the Court will mail a copy of this Memorandum Opinion to Petitioner at the address listed on the docket as well as the address listed on the BOP Inmate Locator.

[3]    Under the First Step Act, earned time credits can be applied toward earlier placement in pre-release custody or toward a term of supervised release.  18 U.S.C. § 3632(d)(4)(C).

This matter is fully briefed and ripe for disposition.

## II.   Discussion

For federal prisoners, "[t]he 'core' habeas corpus action is a prisoner challenging the authority of the entity detaining him to do so, usually on the ground that his predicate sentence or conviction is improper or invalid." *McGee v. Martinez*, 627 F.3d 933, 935 (3d Cir. 2010); *see also Cardona v. Bledsoe*, 681 F.3d 533, 535-38 (3d Cir. 2012).  Two federal statutes provide federal prisoners with avenues for seeking habeas corpus relief: 28 U.S.C. § 2241, the general habeas corpus statute, and 28 U.S.C. § 2255, which provides an alternative postconviction remedy for federal prisoners.  *Jones v. Hendrix*, 599 U.S. 465 (2023); *Cardona*, 681 F.3d at 535. Section 2255 motions must be filed in the federal district court that imposed the conviction and sentence the prisoner is challenging.  28 U.S.C. § 2255(a).  In contrast, a habeas corpus action under § 2241 must be brought in the custodial court – i.e., the federal district court in the district in which the prisoner is incarcerated.  *Bruce v. Warden Lewisburg USP*, 868 F.3d 170, 178 (3d Cir. 2017).[4]

---

[4]     Section 2241 petitions must be filed in the district in which the prisoner is incarcerated because:

> [t]he prisoner must direct his [§ 2241] petition to "the person who has custody over him." § 2242; *see also Wales v. Whitney*, 114 U.S. 564, 574 (1885); *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 94-95 (1973).  Longstanding practice under this immediate custodian rule "confirms that in habeas challenges to present physical confinement . . . the default rule is that the proper respondent is the warden of the facility where the prisoner is being held." *Rumsfield v. Padillo*, 542 U.S. 426, 435 (2004).  And under the statute's jurisdiction of confinement rule, district courts may only grant habeas relief against custodians "within their respective jurisdictions." § 2241(a); *see also Braden*, 410 U.S. at 495 ("[T]he language of § 2241(a) requires nothing more than that the court issuing the writ have jurisdiction over the custodian.").

*Bruce v. Warden Lewisburg USP*, 868 F.3d 170, 178 (3d Cir. 2017).

Because Sewell was a prisoner incarcerated in the Western District of Pennsylvania at the time he filed his application for relief under § 2241 the matter is appropriately before this Court.

Unfortunately Sewell is ineligible for the relief he requests.  This is because the FSA excludes certain prisoners from eligibility:

> **(D)  Ineligible prisoners** – A prisoner is ineligible to receive time credits under this paragraph if the prisoner is serving a sentence for a conviction under any of the following provisions of law:
>
> **(lxvi)**  Subparagraph A(vi) or (B)(vi) of section 401(b)(1) of the Controlled Substances Act (21 U.S.C. 841(b)(1)) or paragraph (1)(F) or (2)(F) of section 1010(b) of the Controlled Substances Import and Export Act (21 U.S.C. 960(b)), relating to manufacturing, distributing, dispensing, or possessing with intent to manufacture, distribute, or dispense, a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidiny l] propanimide, or any analogue thereof.

18 U.S.C. § 3632(d)(4)(D)(lxvi).  One of the above referenced sections, 21 U.S.C. § 841(b)(1)(B)(vi), covers the penalties for distribution of 40 grams or more of a mixture containing a detectable amount of fentanyl in violation of 21 U.S.C. § 841(a)(1).  *See* 21 U.S.C. § 841(b)(1)(B)(vi).  Here, as noted above, Sewell pled guilty to distribution of 40 grams or more of a mixture containing a detectable amount of fentanyl in violation of 21 U.S.C. § 841(a)(1) and was sentenced pursuant to 21 U.S.C. § 841(b)(1)(B)(vi).  Unfortunately for Sewell there is no confusion here as to whether his conviction falls into any one of the 68 categories which would make him ineligible for FSA credits.  It does.  Sewell's conviction for distribution of 40 grams

or more of fentanyl clearly falls into subsection (d)(4)(D)(lxvi), which makes him ineligible for time credits under the FSA and thus his petition must be denied.[5]

## III.   Conclusion

For these reasons, the petition for a writ of habeas corpus filed pursuant 28 U.S.C. § 2241 will be denied.[6]  A separate order follows.

Dated:  June 11, 2026                 BY THE COURT:

                                      s/ Christopher B. Brown
                                      Christopher B. Brown
                                      United States Magistrate Judge

---

[5]      In the Petition, Sewell argues the similarities between subsections (d)(4)(D)(lxvi) and (d)(4)(D)(lxviii) create a legal confusion which supports his position that he is entitled to FSA credits. Specifically, because he was *not* given a sentencing guideline enhancement for a leadership role by the sentencing court which is required to make one ineligible under subsection (d)(4)(D)(lxviii), and given its similarity to (d)(4)(D)(lxvi), he should be eligible for credit.  This argument is, however, unavailing.  Subsection (lxvi) makes one ineligible for FSA credits for matters involving the distribution of *fentanyl* related to "subparagraph A(vi) or (B)(vi)" meaning offenses involving "400 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide or 100 grams or more of a mixture or substance containing a detectable amount of any analogue of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide or a fentanyl-related substance" OR as is the case here involving "40 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide or 10 grams or more of a mixture or substance containing a detectable amount of any analogue of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide or a fentanyl-related substance."  In contrast, subsection (d)(4)(D)(lxviii) makes one ineligible for FSA credits for matters where there is drug distribution of "a controlled substance" [not limited to fentanyl] where the court finds the offense also involved an unspecified quantity of a "mixture or substance containing a detectable amount of" fentanyl AND the leadership enhancement was applied.  It is clear these two subsections are not the same. Based on the record before the Court, it is also clear Sewell's underlying conviction clearly falls into the former category, subsection (lxvi), not the latter, subsection (lxviii).

[6]      Because "[f]ederal prisoner appeals from the denial of a habeas corpus proceeding are not governed by the certificate of appealability requirement," the Court need not make a certificate of appealability determination in this matter. *Williams v. McKean*, No. 18-7, 2019 WL 1118057, at *5 n.6 (W.D. Pa. Mar. 11, 2019) (citing *United States v. Cepero*, 224 F.3d 256, 264-65 (3d Cir. 2000), *abrogated on other grounds by Gonzalez v. Thaler*, 565 U.S. 134 (2012); 28 U.S.C. § 2253(c)(1)(B).

5

cc:    DAVID ERIC SEWELL
72629-509
LORETTO
FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 1000
CRESSON, PA 16630
(via U.S. First Class Mail)

DAVID ERIC SEWELL
72629-509
FCI BECKLEY
1600 INDUSTRIAL ROAD
BEAVER, WV 25813
(via U.S. First Class Mail)

David Lew
United States Attorney's Office, Western District of PA
(via ECF electronic notification)